**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COMCAM INTERNATIONAL, INC., | § § | |
| *Plaintiff*, | § § | |
| | § | Civil Action No. |
| v. | § § | |
| ABODE SYSTEMS, INC., | § § | **JURY TRIAL DEMANDED** |
| *Defendant*. | § § § | |

## ORIGINAL COMPLAINT

Plaintiff ComCam International, Inc. files this Complaint against Abode Systems, Inc. for infringement of U.S. Patent No. 6,975,220 ("the '220 Patent").

### I. NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe Plaintiff ComCam International, Inc.'s United States patent, as described herein.

### II. PARTIES

2. Plaintiff ComCam International, Inc. ("Plaintiff" or "ComCam") is a Delaware corporation, with its principal place of business at 308 National Road, Exon Pennsylvania 19341.

3. On information and belief, Defendant Abode Systems, Inc. ("Defendant" or "Abode") is a corporation organized under the laws of the State of Delaware, having a principal place of business at 2625 Middlefield Road #900, Palo Alto, California 94306. Defendant's

registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

### III.   JURISDICTION AND VENUE

4. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

5. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial District, has committed acts of infringement in this judicial District, has purposely transacted business involving its exemplary accused products in this judicial District, and/or has regular and established places of business in this judicial District.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this State and judicial District, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Delaware residents. Thus, Defendant has purposefully availed itself of the benefits of the State of Delaware and the exercise of jurisdiction is proper.

### IV.   PLAINTIFF'S BACKGROUND

8. ComCam is a fifteen-year-old corporation whose primary focus is on the development of command-and-control products and the provision of integrated solutions and support services to a wide variety of customers. These customers include U.S. government agencies, Fortune 500 companies, research facilities, original equipment manufacturers and

systems integrators worldwide. Shortly after incorporating, ComCam introduced the world's first integrated WiFi camera and the world's first cellular network-based IP camera.

9. ComCam is especially adept at providing sophisticated products and solutions that can be deployed in rugged environments with limited infrastructure and network access. ComCam has worked directly for governmental entities, including the U.S. Department of Defense and various Army and Navy divisions, which use ComCam products for tactical systems and research for land, air, and sea undersea applications. For instance, ComCam's products and services have been used in the implementation of the "electronic fence" along the U.S.–Mexico border by the Texas Department of Public Safety and in remote surveillance operations by the United States military in Afghanistan.

10. Additionally, ComCam provides solutions for more traditional applications, such as security and monitoring systems for prisons, airports, and retail establishments. For example, the U.S. Immigration and Customs Enforcement ("ICE") was dissatisfied with its existing detainee monitoring and tracking system at its largest detention facility on the East Coast. In response, ComCam provided ICE with a complete end-to-end detainee tracking system that not only met ICE's high performance needs, but did so at a substantial cost savings to the government.

11. ComCam's products and services are also used in other high security applications, such as the perimeter intrusion detection systems at JFK and LaGuardia airports and a "Tier 1" high-risk maritime port. The ComCam system is also utilized in public venues to maintain real-time video monitoring, including at the City of Philadelphia's Liberty Bell Center.

## V.   PLAINTIFF'S PATENT

12. The '220 Patent, entitled "Internet Based Security, Fire and Emergency Identification System," issued on December 13, 2005. At a high level, the claimed systems and

methods of the '220 Patent utilize a novel and specific combination of a system controller, sensors, imaging devices, transmitters, and a website to detect specified events in a monitored premises. The claimed combination of elements allows for the capture of imaging data associated with a detected event and makes that event available to an authorized entity via a website. The claimed systems and methods further allow for the detection of a maintenance malfunction at a monitored premises, *e.g.*, the temperature within the monitored premises moves outside a specified range. The '220 Patent's novel combination of elements provides advantages relative to prior art systems and is a specific implementation of a home or business security or automation system.  A true and correct copy of the '220 Patent is attached as **Exhibit A**.

13. Mobotix Corporation filed a Petition for Inter Partes Review of the '220 Patent on October 20, 2014 (IPR2015-00093). The Patent Trial and Appeal Board issued its Final Written Decision in that IPR on April 28, 2016. The Board confirmed the patentability of claims 7 and 8 of the '220 Patent.

14. ComCam is the current assignee of the '220 Patent, and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

## VI. DEFENDANT'S ACTS

15. Defendant provides hardware, software, and services that form home and business security and automation systems.  For example, Defendant makes, uses, sells, and deploys home security and automation systems comprised of, for example, an Abode Gateway, the Abode monitoring platform, and a variety of video cameras and maintenance sensors. Defendant's home automation and home security products detect maintenance events within a monitored premises and capture event data associated with the detected event for viewing via a website or mobile app. Exemplary functionality of the Abode monitoring platform and Defendant's home security and home automation products are highlighted in these excerpts from Defendant's materials:


https://goabode.com/


https://goabode.com/plans/



https://goabode.com/how-it-works/



https://support.goabode.com/customer/en/portal/articles/2258912-abode-water-sensor-installation-guide



https://support.goabode.com/customer/en/portal/articles/2752450-temperature-humidity-and-light-sensor-automation-setup-guide



https://support.goabode.com/customer/en/portal/articles/2258912-abode-water-sensor-installation-guide

16. On information and belief, Defendant also implements contractual protections in the form of license agreements with its customers to preclude the unauthorized reproduction, distribution and modification of its software. Moreover, on information and belief, Defendant implements technical precautions to attempt to thwart customers who would circumvent the intended operation of Defendant's products.

17. Moreover, Defendant provides its customers with the exemplary accused products and software and instructs its customers to use the products and software in an infringing manner, including through its website at https://support.goabode.com/. The resources available on Defendant's website instruct customers how to set up the exemplary accused products such that they detect a maintenance malfunction event in a premises, a controller coupled to the maintenance sensor receives a signal from the maintenance sensor, an imaging device activated by the controller captures event data, a transmitter coupled to the imaging device and the controller transmits captured event data, and a website receives and makes accessible the transmitted event data. *See, e.g.*, https://support.goabode.com/customer/en/portal/articles/2752450-temperature-humidity-and-light-sensor-automation-setup-guide and https://support.goabode.com/customer/en/portal/articles/2259863-abode-streaming-camera-installation-guide.

18. In addition, Defendant knowingly, actively induced and continues to knowingly, actively induce (or is willfully blind to the) infringement of the '220 Patent within this District by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the '220 Patent, and its claims, with knowledge that its customers will use, market, sell, and offer to sell infringing products in this District and elsewhere in the United States, and with the

knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this District and the United States by creating and disseminating promotional and marketing materials, instructional materials, product manuals, and technical materials related to the infringing products.

19. Moreover, Defendant knowingly contributed to the infringement of the '220 Patent by others in this District, and continues to contribute to the infringement of '220 Patent by others in this District by selling or offering to sell components of infringing products in this District, which components constitute a material part of the inventions of the '220 Patent, knowing of the '220 Patent and its claims, knowing those components to be especially made or especially adapted for use to infringe the '220 Patent, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use. Defendant has not implemented a design around or otherwise taken any remedial action with respect to the '220 Patent. ComCam will rely on a reasonable opportunity for discovery of evidentiary information regarding additional infringing products.

## VII.  COUNT ONE

### INFRINGEMENT OF U.S. PATENT NO. 6,976,220

20. Plaintiff ComCam realleges and incorporates herein paragraphs 1–19.

21. ComCam is the assignee and owner of all right, title and interest to the '220 Patent.  ComCam has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

22. Claims 7 and 8 of the '220 Patent are valid, enforceable and were duly issued in full compliance with Title 35 of the United States Code.

**DIRECT INFRINGEMENT (35 U.S.C. § 271(a))**

23. Defendant has directly infringed, and continues to directly infringe, dependent Claims 7 and 8 of the '220 Patent in this judicial District and elsewhere in the United States.

24. Defendant has directly infringed, and continues to directly infringe dependent Claims 7 and 8 of the '220 Patent, by, among other things, making, using, offering for sale, selling, and/or importing, its home security and automation products that form a system that utilizes a maintenance or temperature sensor (*e.g.* a water sensor, or a combination temperature, light, humidity sensor) to detect a maintenance event in a premises, a controller (*e.g.* an Abode Gateway) coupled to the maintenance sensor to receive a signal from the sensor, an imaging device activated by the controller for capturing event data, a transmitter coupled to the imaging device and the controller for transmitting captured event data, and a website for receiving and making accessible the event data. Such home security and automation products include, but are not limited to, an Abode Gateway, the Abode monitoring platform and website/application (*e.g.* https://my.goabode.com/#/login), video cameras, and environmental or maintenance sensors (*e.g.* a water sensor, or a combination temperature, light, humidity sensor), and all reasonably similar products of Defendant. Defendant's screenshots included in paragraph 15 above provide a high-level depiction of some of these exemplary infringing products and their interaction with one another to form the system claimed by the '220 Patent. Defendant's exemplary accused products further satisfy all elements of invalidated Claim 1 from which Claims 7 and 8 both depend. On information and belief, Defendant's home security and automation systems, as described above, are made, used, offered for sale, sold, and/or imported as a system that satisfies all elements of Claims 1, 7, and 8.

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))**

25. Based on the information presently available to ComCam, ComCam contends that Defendant has indirectly infringed, and continues to indirectly infringe, Claims 7 and 8 of the '220 Patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '220 Patent, in this District and elsewhere in the United States. On information and belief, Defendant's customers and other third parties have combined Defendant's exemplary accused products such that the collection of exemplary accused products satisfies all elements of Claims 1, 7, and 8, as described in the preceding paragraphs.

26. On information and belief, despite having knowledge of the '220 Patent, Defendant has specifically intended for persons who acquire and use the exemplary accused products, including without limitation end-users of the exemplary accused products, to acquire and use such devices in such a way that infringes the '220 Patent, including Claims 7 and 8 and Defendant knew or should have known that its actions were inducing infringement.

27. Defendant has had knowledge of the '220 Patent and the infringing nature of its activities at least as early as the date when ComCam effected service of its Original Complaint.

28. Direct infringement is the result of activities performed by third parties in relation to the exemplary accused products, including without limitation by end users enabled and encouraged by Defendant to use the exemplary accused products in their normal, customary way to infringe the '220 Patent.

29. With knowledge of the '220 Patent, Defendant directs and aids third parties, including without limitation end-users of the exemplary accused products, to infringe the '220 Patent by, among other things, (i) enabling a user of the exemplary accused products to use the

products to support detection of a maintenance malfunction event in a premises, a controller coupled to the maintenance sensor receiving a signal from the maintenance sensor, an imaging device activated by the controller capturing event data, a transmitter coupled to the imaging device and the controller transmitting captured event data, and a website receiving and making accessible the event data transmitted, as claimed in the '220 Patent; (ii) providing instructions (including, by way of example, equipment manuals, user guides, FAQs, and other training located at https://support.goabode.com/, https://support.goabode.com/customer/en/portal/articles/2752450-temperature-humidity-and-light-sensor-automation-setup-guide, and https://support.goabode.com/customer/en/portal/articles/2259863-abode-streaming-camera-installation-guide which include sections with instructions on how to set up event notifications based on the triggering of various alarms or events to end-users of the exemplary accused products for using the products in their customary way; (iii) advertising the exemplary accused products' support of detection of a maintenance malfunction event in a premises, a controller coupled to the maintenance sensor receiving a signal from the maintenance sensor, an imaging device activated by the controller capturing event data, a transmitter coupled to the imaging device and the controller transmitting captured event data, and a website receiving and making accessible the event data transmitted; and (iv) providing to third parties the products, software, and related equipment that may be required for or associated with infringement of the '220 Patent, all with knowledge that the induced acts constitute patent infringement. Defendant possesses specific intent to encourage infringement by third parties, including without limitation end-users of the exemplary accused products.

**INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))**

30. Based on the information presently available to ComCam, ComCam contends that Defendant has indirectly infringed, and continues to indirectly infringe the '220 Patent, including Claims 7 and 8, by contributing to the infringement of the '220 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the exemplary accused products.

31. The exemplary accused products are capable of detecting a maintenance malfunction event in a premises, utilizing a controller coupled to the maintenance sensor for receiving a signal from a maintenance sensor, capturing event data via an imaging device activated by the controller, transmitting captured event data via a transmitter coupled to the imaging device and the controller, and providing a website for receiving and making accessible the transmitted event data. Defendant knows that the exemplary accused products (i) constitute a material part of the inventions claimed in the '220 Patent; (ii) are especially made or adapted to infringe the '220 Patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of detecting a maintenance malfunction event in a premises, utilizing a controller coupled to the maintenance sensor for receiving a signal from a maintenance sensor, capturing event data via an imaging device activated by the controller, transmitting captured event data via a transmitter coupled to the imaging device and the controller, and providing a website for receiving and making accessible the transmitted event data, as claimed in the '220 Patent.

32. ComCam is informed and believes that Defendant intends to and will continue to directly and indirectly infringe the '220 Patent. ComCam has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is thus liable to ComCam in

an amount that adequately compensates ComCam for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## VIII. JURY DEMAND

33. Plaintiff ComCam demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## IX. PRAYER FOR RELIEF

WHEREFORE, ComCam prays for judgment and seeks relief against Defendant as follows:

A. That the Court determine that one or more claims of the '220 Patent is infringed by Defendant, either literally or under the doctrine of equivalents;

B. That the Court award damages adequate to compensate ComCam for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C. That the Court award such other relief to ComCam as the Court deems just and proper.

-15-

Dated: October 13, 2017

Of Counsel:

Andrew G. DiNovo
Daniel L. Schmid
**DiNovo Price LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas  78731
(512) 539-2626 (phone)
(512) 539-2627 (fax)
adinovo@dpelaw.com
dschmid@dpelaw.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

**ATTORNEYS FOR PLAINTIFF
COMCAM INTERNATIONAL, INC.**